UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IAN CHARLES LORBER,
d/b/a SNYZER TECH,

        Plaintiff,

v.

WILLIAM SANCHEZ,
d/b/a BRICK ARSENAL,

        Defendant.

_____/

Case No.:

## COMPLAINT AND JURY DEMAND

Plaintiff, Ian Charles Lorber d/b/a Snyzer Tech, sues Defendant, William Sanchez d/b/a Brick Arsenal, and alleges as follows:

### THE PARTIES

1. Ian Charles Lorber ("Plaintiff") is an individual who resides in New York. He is a sole proprietor doing business as Snyzer Tech.

2. William Sanchez ("Defendant") is an individual who, upon information and belief, resides at 22400 South West 258th St, Homestead, FL 33031.

### JURISDICTION AND VENUE

3. This is an action for damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 because the amount in controversy exceeds $75,000,

exclusive of interest, costs, and attorneys' fees and the action is between citizens of different states.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this action arises under the laws of the United States, including the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

7.      This Court has personal jurisdiction over Defendant because Defendant resides in this District and conducts business in Florida, including selling and shipping the infringing products from this District and committing acts of copyright infringement, false designation of origin, and misleading advertising in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the sale and shipment of infringing products and because Plaintiff resides in this District.

### FACTUAL BACKGROUND

*Snyzer Tech*

9.      Plaintiff is the sole proprietor of Snyzer Tech.

10. Snyzer Tech is an online business that designs and produces brick weapon model kits, which are created by the consumer using plastic brick building blocks.

11. Each product comes with detailed instructions on how to construct the weapon from the plastic brick building blocks.

12. A design called "Deagle" is Plaintiff's most popular model kit.

13. Plaintiff created all text, photographs, and artwork in the Deagle Instructions manual. The Deagle Instructions manual contains an index of materials, detailed assembly steps, and original instructional text and drawings.

14. Plaintiff is the sole owner of the copyright in the Deagle Instructions (the "Deagle Instructions" or the "Original Work").

15. The United States Copyright Office issued Registration Number TXu 2-142-563 for "Deagle Instructions" with an effective date of March 25, 2019.  The Registration is attached as **Exhibit A.**

16. The "Deagle Instructions" manual contains a prominent copyright notice stating that "This book or any portion thereof may not be reproduced or used in any manner whatsoever without the express written permission of the publisher..."

17. Plaintiff has offered for sale variants of the Deagle product which all include the Deagle Instructions.

*Brick Arsenal*

18. Defendant operates an online business, Brick Arsenal, that sells brick weapon model kits similar to Plaintiff's products.

3

19. Upon information and belief, Defendant is the sole owner of Brick Arsenal.

20. Defendant lists and sells a product titled "BRICK ARSENAL TOY DEAGLE™" on its website.

21. On or about November 6, 2025, Plaintiff noticed that Defendant was selling a Deagle brick product that was similar to Plaintiff's Deagle product. In addition, Plaintiff became aware that Defendant was using Plaintiff's image and videos on Defendant's Brick Arsenal website:



brickarsenal.co/products/1-0-single-shot-desert-eagle-pistol-building-blocks-moc-gun-model-can-shoot-diy-bricks-bullet-set-toys-for-kids-christmas-gifts

## What YouTubers Say...



22.    On November 6, 2025, Plaintiff sent Defendant a cease-and-desist demand letter placing Defendant on notice of his infringement and related conduct. A true, complete, and authentic copy of the November 6, 2025 demand letter is attached as **Exhibit B**.

23.    To date, Defendant has not responded to Plaintiff's demand letter.

*The Infringing Product*

24.    On or about November 12, 2025, Plaintiff placed Order #11096 for "BRICK ARSENAL TOY DEAGLE" from Defendant's website.

25.    On or about November 24, 2025, Plaintiff received Defendant's product, which consisted of a bag of plastic bricks. Plaintiff contacted Defendant to request a refund and return label, stating that the Deagle product did not come with instructions.

5

26.     On or about November 25, 2025, Defendant sent instructions to Plaintiff that included text and images taken directly from Plaintiff's copyrighted Deagle Instructions.

*Side-by-Side Comparison*

27.     Side-by-side comparisons show that Defendant's instructions for the Deagle product contain images and instructional text that are substantially similar or identical to those in Plaintiff's Deagle Instructions.

28.     Defendant's instructions for the Deagle product include distinctive instructional images and text from Plaintiff's Deagle Instructions.

29.     Plaintiff did not authorize Defendant to reproduce, distribute, or publicly display the Deagle Instructions.

30.     Defendant's instructions for the Deagle product include assembly steps, part counts, and build text that are substantially similar to those in Plaintiff's manual. Samples of these similarities are as follows:

## SAMPLE 1

*Plaintiff's Instructions:*



*Defendant's Instructions:*



## SAMPLE 2

*Plaintiff's Instructions:*



*Defendant's Instructions:*



## SAMPLE 3

*Plaintiff's Instructions:*



*Defendant's Instructions:*



## SAMPLE 4

*Plaintiff's Instructions:*



*Defendant's Instructions:*



*Defendant's Use of Plaintiff's Name and Goodwill*

31.    Plaintiff and Defendant are direct competitors in the market for weapon model kits made from plastic building bricks and, specifically, the Deagle product.

32.    Defendant intended to benefit from Snyzer Tech's name and goodwill by embedding a Snyzer Tech YouTube video, originally created by Plaintiff, on its own YouTube channel and on the product pages for the Deagle product on the Brick Arsenal website.

33.    The Snyzer Tech YouTube video appeared in two instances on the Deagle product page on Defendant's website, and also appeared in two instances on each of the product pages of 17 other products sold by Defendant.

34.    The Snyzer Tech YouTube video embedded by Defendant was an unlisted video and was removed from Defendant's YouTube channel via a DMCA takedown.

35.    Defendant intended to create the false impression that Defendant's product was affiliated with, endorsed by, or associated with Plaintiff and to induce consumers to purchase Defendant's competing product.

36.    Defendant has advertised and promoted for sale goods that infringe upon Plaintiff's copyright to the consuming public. Defendant has copied Plaintiff's advertising ideas in its advertising, including on Defendant's Brick Arsenal website in attempt to attract customers to Defendant's goods.

11

37.    Defendant's website and YouTube channel constitute advertisements because they are notices published to consumers for the purpose of promoting Defendant's goods and attracting customers.

38.    Defendant's conduct, including the use of Plaintiff's advertising ideas, was done with reckless disregard for Plaintiff's rights in the Original Work.

39.    All conditions precedent to the bringing and maintenance of this action have been met, have occurred, or have been waived.

40.    Plaintiff has been required to retain the undersigned counsel due to Defendant's conduct and is obligated to pay them a reasonable fee for their services.

**COUNT I –**
**Copyright Infringement**
**(17 U.S.C. § 501, *et seq*.)**

41.    Plaintiff realleges the allegations of paragraphs 1 through 40.

42.    Plaintiff is the owner of valid copyright in the Original Work titled "Deagle Instructions," which is the subject of United States Copyright Registration Number TXu 2-142-563, with an effective date of March 25, 2019.

43.    Plaintiff owns the copyright in the Original Work, created all text, photographs, and artwork, and has not transferred or assigned any rights to Defendant.

44.    Defendant had access to the Original Work prior to creating and distributing Defendant's infringing Deagle product instructions.

45.    Without Plaintiff's authorization, license, or consent, Defendant copied, reproduced, distributed, and publicly displayed protected elements of the Original Work, including identical or substantially similar instructional images and text.

46.     Defendant's instructions are so strikingly similar to the Original Work that Defendant could not have independently arrived at the same result.

47.     Defendant distributed infringing copies of the Original Work to customers in connection with the sale of Defendant's "BRICK ARSENAL TOY DEAGLE" product and transmitted infringing copies electronically.

48.     As a direct and proximate result of Defendant's infringing conduct, Plaintiff has suffered and will continue to suffer damages and irreparable injury, including lost sales, damage to goodwill, and loss of control over the Original Work.

49.     Unless enjoined by this Court, Defendant will continue to infringe Plaintiff's copyright.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendant and grant the following relief:

(a)     That Defendant's aforementioned acts be adjudged to be copyright infringement in violation of 15 U.S.C. § 1125(a) and that Defendant, and his respective members, directors, officers, agents, employees, assigns, affiliated companies, and all persons in active concert or participation with him, and all those controlled by him, be preliminarily and permanently enjoined as follows:

1.      To cease any and all promotion, advertising, marketing, and use of Plaintiff's Original Work.

(b)     That Plaintiff be awarded statutory damages for willful infringement in the amount of $150,000 pursuant to 17 U.S.C. § 504(c)(2), or alternatively actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b);

(c)     That Plaintiff be awarded its costs and attorneys' fees under 17 U.S.C.

§ 505; and

(d)     That Plaintiff be awarded such other and further relief as this Court may

deem just, proper, and equitable.

**COUNT II –**
**False Designation of Origin and Unfair Competition**
**(15 U.S.C. § 1125(a))**

50.     Plaintiff realleges the allegations of paragraphs 1 through 40.

51.     Plaintiff is the owner of common law trademark rights in the mark

"SNYZER TECH" (the "Mark"), which Plaintiff uses in interstate commerce in

connection with brick weapon model kits, instructional materials, and related video

content.

52.     Plaintiff's Mark is inherently distinctive. Further, Plaintiff's Mark has

developed secondary meaning through Plaintiff's continuous use of the mark in United

States commerce since 2019.

53.     Plaintiff's rights in Plaintiff's Mark are senior to any rights Defendant

may have in Plaintiff's Mark.

54.     Defendant's actions in using Plaintiff's Mark in the same channels of

commerce in the United States in connection with the promotion and distribution of

Defendant's model kits constitutes a false designation of origin, sponsorship, or

approval in violation of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendant embedded and displayed on its website and YouTube channel

a Snyzer Tech–branded YouTube video created by Plaintiff to promote Defendant's

14

competing "BRICK ARSENAL TOY DEAGLE" product. The embedded video prominently displayed the "SNYZER TECH" name and branding.

56.   Defendant's unauthorized use of Plaintiff's Mark has been with actual notice of Plaintiff's ownership and prior use of Plaintiff's Mark.

57.   The Mark appears prominently in Plaintiff's marketing materials, product packaging, and YouTube videos and serves to identify Plaintiff as the source of the goods and related content.

58.   Defendant's continued use of Plaintiff's Mark has created and is likely to cause confusion in the minds of reasonable consumers as to the affiliation, endorsement, and sponsorship of its activities.

59.   Defendant posted a Snyzer Tech video and attributed a false review to Snyzer Tech, creating the false impression that Snyzer Tech endorses Defendant's products.

60.   As a direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has profited, and Plaintiff has suffered and continues to suffer damages and irreparable harm for which it has no adequate remedy at law.

61.   Defendant's conduct has and will continue to cause irreparable harm to Plaintiff unless enjoined by this Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendant and grant the following relief:

(a)   That Defendant, and his respective members, directors, officers, agents, employees, assigns, affiliated companies, and all persons in active concert or

participation with him, and all those controlled by him, be preliminarily and permanently enjoined as follows:

1. To cease any and all promotion, advertising, marketing, and use of Plaintiff's Mark;

2. To perform other and such further acts as may be reasonably necessary to eliminate any confusion in the minds of the consuming public as to the nonexistence of any relationship between Defendant and its goods on the one hand, and Plaintiff's goods on the other;

(b)     That Plaintiff be awarded damages in accordance with 15 U.S.C. § 1117, including Defendant's profits, Plaintiff's actual damages, the costs of corrective advertising, and the costs of this action;

(c)     That Plaintiff be awarded its costs and attorneys' fees under the Lanham Act; and

(d)     That Plaintiff be awarded such other and further relief as this Court may deem just, proper, and equitable.

**COUNT III –**
**Misleading Advertising**
**(Fla. Stat. 817.40, *et seq*.)**

62.     Plaintiff realleges the allegations of paragraphs 1 through 40.

63.     The acts and conduct of Defendant as described above constitute misleading advertising as defined in Fla. Stat. § 817.40(5).

16

64.     Defendant's advertisements and representations, including the use of Plaintiff's Snyzer Tech–branded YouTube video on Defendant's website, contained material misrepresentations, including the false implication that Defendant's product was identical to, affiliated with, endorsed by, or the same as Plaintiff's product.

65.     Defendant knew or should have known of the falsity of the statements as he had no license, authorization, or approval to use the video from Plaintiff.

66.     As a direct competitor, Defendant intended that the representation would induce others, including consumers and potential customers to whom Plaintiff was marketing its product, to rely and to act on it by purchasing Defendant's product.

67.     As a direct and proximate result of the Defendant's violations of Chapter 817 *et seq.*, Plaintiff has suffered loss of earnings and profits and continues to suffer damages, including but not limited to damages to his name and reputation.

68.     Plaintiff seeks recovery of actual damages, costs, reasonable attorneys' fees and punitive damages in accordance with Fla. Stat. § 817.41(6).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendant for damages, costs, reasonable attorneys' fees, interest, and punitive damages in accordance with Fla. Stat. § 817.41(6), and for such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: April 14, 2026.                           Respectfully submitted,

                                                 */s/ Brad F. Barrios*
                                                 Brad F. Barrios
                                                 Email:  bbarrios@tcb-law.com
                                                 Emma R. Canniff
                                                 Email: ecanniff@tcb-law.com
                                                 Turkel • Cuva • Barrios • Guerra
                                                 100 North Tampa Street, Suite 1900
                                                 Tampa, Florida 33602
                                                 Tel: (813) 834-9191
                                                 Fax: (813) 443-2193
                                                 *Counsel for Plaintiff*

18